# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BOARDMAN OHIO PARENTS ORGANIZATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>BOARDMAN LOCAL SCHOOLS, et al.<br><br>Defendants. | CASE NO. 4:21-CV-02184<br><br>JUDGE BENITA Y. PEARSON<br><br>**DEFENDANTS' ANSWER** |

For their answer to Plaintiffs' *Verified Complaint* ("Complaint"), Defendants Boardman Local Schools, Board of Education for Boardman Local Schools ("Defendant Board of Education" or "Board of Education"), Timothy Saxton, Jeffrey Barone, Victoria L. Davis, John W. Fryda, John P. Landers, and Frank Zetts (collectively "Defendants") state as follows:

## FIRST DEFENSE

1. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 1, and the allegations contained therein, Defendants admit that a novel coronavirus began spreading throughout the world and infecting humans and that the virus is known to have the potential to cause SARS-CoV-2 (severe acute respiratory syndrome coronavirus) and is commonly referred to as COVID-19. Defendants deny for want of knowledge sufficient to form a belief the allegations contained in Paragraph 1 of the *Complaint* concerning when and where COVID-19 originated. Defendants deny the remaining allegations contained in Paragraph 1 and deny the allegations contained in Section A of the *Complaint*.

2. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 2, and the allegations contained therein, Defendants admit Dr. Fauci made the alleged statements as contained in Paragraph 2 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 2 of the *Complaint*. Further answering, Defendants aver that Dr. Fauci subsequently and appropriately changed his medical opinion concerning whether Americans should wear masks and the benefits and effects of same.

3. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 3, and the allegations contained therein, Defendants admit Dr. Fauci made the alleged statements as contained in Paragraph 3 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 3 of the *Complaint*. Further answering, Defendants aver that Dr. Fauci subsequently and appropriately changed his medical opinion concerning whether Americans should wear masks and the benefits and effects of same.

4. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 4, and the allegations contained therein, Defendants admit Dr. Fauci made the alleged statements as contained in Paragraph 4 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 4 of the *Complaint*. Further answering, Defendants aver that Dr. Fauci subsequently and appropriately changed his medical opinion concerning whether Americans should wear masks and the benefits and effects of same.

5. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 5, and the allegations contained therein, Defendants admit the CDC and Surgeon

General made the alleged statements as contained in Paragraph 5 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 5 of the *Complaint*. Further answering, Defendants aver the CDC and the Surgeon General subsequently and appropriately changed their medical opinions concerning whether Americans should wear masks and the benefits and effects of same. Defendants deny the allegations and characterization contained in the first sentence of Paragraph 5 of the *Complaint*.

6. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 6, and the allegations contained therein, Defendants admit the CDC's study (referenced in Footnote number 7) included the statements as contained in Paragraph 6 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 6 of the *Complaint*. Further answering, Defendants aver that the studies referred to by Plaintiff in Paragraph 6 of the *Complaint*, and throughout the *Complaint*, based on data that preceded the prevalence of the Delta variant and other mutations of COVID-19, do not accurately reflect the current environment and state of scientific and medical thinking regarding measures to control the spread of COVID-19.

7. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 7, and the allegations contained therein, Defendants admit the Danish study ( referenced in Footnote number 8) included the statements as contained in the second sentence of Paragraph 7 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the allegations and characterization contained in the first sentence and the remaining allegations contained in Paragraph 7 of the *Complaint*.

8. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 8, and the allegations contained therein, Defendants admit Stanford University's study

3

(referenced in Footnote number 9) included the statements as contained in Paragraph 8 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 8 of the *Complaint*.

9. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 9, and the allegations contained therein, Defendants admit the "Mask mandate and use efficacy in state-level COVID-19 containment" study (referenced in Footnote number 10) included the statements as contained in Paragraph 9 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 9 of the *Complaint*.

10. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 10, and the allegations contained therein, Defendants admit Stanford University's study (referenced in Footnote number 11) included the statements as contained in Paragraph 10 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 10 of the *Complaint*.

11. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 11, and the allegations contained therein, Defendants admit the study (referenced in Footnote number 12) included the statements as contained in Paragraph 11 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 11 of the *Complaint*.

12. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 12, and the allegations contained therein, Defendants admit the study (referenced in Footnote number 13) included the statements as contained in Paragraph 12 of the *Complaint*, to

the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 12 of the *Complaint*.

13. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 13, and the allegations contained therein, Defendants admit the studies (referenced in Footnote numbers 14, 15, and 16) included the statements as contained in the second through seventh sentences of Paragraph 13 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the allegations contained in the first and second sentence and the remaining allegations contained in Paragraph 13 of the *Complaint*.

14. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including the second Paragraph 13, and the allegations contained therein, Defendants deny the allegations contained in the second Paragraph 13 of the *Complaint*.

15. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 14, and the allegations contained therein, Defendants admit the allegations contained in the first sentence of Paragraph 14 of the *Complaint*. Defendants deny the allegations contained in the second sentence of Paragraph 14 and Section B of the *Complaint*.

16. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 15, and the allegations contained therein, Defendants admit the studies (referenced in Footnote number 18) included the statements as contained in Paragraph 15 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 15 of the *Complaint*.

17. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 16, and the allegations contained therein, Defendants admit the study (referenced in footnote number 19) included the statements as contained in Paragraph 16 of the *Complaint*, to the

extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 16 of the *Complaint*.

18. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 17, and the allegations contained therein, Defendants deny the allegations contained in Paragraph 17 of the *Complaint*.

19. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 18, and the allegations contained therein, Defendants admit the study/article published in the New England Journal of Medicine (referenced in footnote number 20) included the statements as contained in Paragraph 18 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the allegations in the first sentence of Paragraph 18 that the study "confirmed" anything. Defendants deny the remaining allegations contained in Paragraph 18 of the *Complaint* and deny the allegations contained in Section C of the *Complaint*.

20. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 19, and the allegations contained therein, Defendants admit the study (referenced in footnote number 21) included the statements as contained in Paragraph 19 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the remaining allegations contained in Paragraph 19 of the *Complaint*.

21. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 20, and the allegations contained therein, Defendants admit the study (referenced in footnote number 22) included the statements as contained in Paragraph 20 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the allegations that the study "confirmed" anything. Defendants deny the remaining allegations contained in Paragraph 20 of the *Complaint*.

22. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 21, and the allegations contained therein, Defendants admit the study (referenced in footnote number 23) included the statements as contained in Paragraph 21 of the *Complaint*, to the extent that such statements are accurately reflected. Defendants deny the allegations that the study "confirmed" anything. Defendants deny the remaining allegations contained in Paragraph 21 of the *Complaint*.

23. To the extent that Defendants must respond to Plaintiffs' *Introduction*, including Paragraph 22, and the allegations contained therein, Defendants deny the allegations contained in Paragraph 22 of the *Complaint*.

24. Defendants admit the allegations contained in Paragraph 23 of the *Complaint*.

25. Defendants admit the allegations contained in Paragraph 24 of the *Complaint*.

26. With respect to the allegations contained in Paragraph 25 of the Complaint, Defendants admit that the Board of Education is responsible for the management and control of the schools and the government of its employees, pupils of the school, and all other persons entering upon its school grounds and premises and is the governing body of the School District. Defendants deny the remaining allegations contained in Paragraph 25 of the *Complaint*.

27. Defendants admit the allegations contained in the first sentence of Paragraph 26 of the *Complaint*. With respect to the second sentence of Paragraph 26 of the *Complaint*, Defendants admit Plaintiffs are attempting to sue each of the Board Members in their individual and official capacities. Defendants deny the remaining allegations contained in Paragraph 26 of the *Complaint*.

28. Defendants admit the allegations contained in the first and second sentences of Paragraph 27 of the *Complaint*. With respect to the third sentence of Paragraph 27 of the *Complaint*, Defendants admit Plaintiffs are attempting to sue the Superintendent in his individual

and official capacities. Defendants deny the remaining allegations contained in Paragraph 27 of the *Complaint*.

29. With respect to the allegations contained in Paragraph 28 of the *Complaint*, Defendants incorporate by reference each and every statement and denial made in answer to Paragraphs 1 through 27 of the *Complaint* as if each were fully rewritten.

30. Defendants admit the allegations contained in Paragraph 29 of the *Complaint*.

31. Defendants admit the allegations contained in Paragraph 30 of the *Complaint*. Further answering, Defendants aver that the Board of Education is authorized to adopt policies for the operation, management and control of the schools, employees, pupils, and visitors, including a policy requiring students to wear face masks to mitigate the spread of the COVID-19 virus.

32. Defendants deny the allegations contained in Paragraph 31 of the *Complaint*. Further answering, Defendants aver that the Board of Education is authorized to adopt policies for the operation, management and control of the schools, employees, pupils, and visitors, including a policy requiring students to wear face masks to mitigate the spread of the COVID-19 virus.

33. Defendants deny the allegations contained in Paragraph 32 of the *Complaint*.

34. Defendants deny the allegations contained in Paragraph 33 of the *Complaint*.

35. Defendants deny the allegations contained in Paragraph 34 of the *Complaint*. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any federally protected rights under the 42 U.S.C. § 1983, and that Defendants are responsible for such violations.

36. Defendants admit the allegations contained in Paragraph 35 of the *Complaint*. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have

been or are being deprived of any federally protected rights under the 42 U.S.C. § 1983, and that Defendants are responsible for such violations.

37. With respect to the allegations contained in Paragraph 36 of the *Complaint*, Defendants admit that they acted under color of state law, and that each individual Defendant is an elected, voting member of the Board of Education with the exception of Defendant, Timothy Saxton, who is the Superintendent of the School District. Defendants deny the remaining allegations contact in Paragraph 36 of the *Complaint*. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any federally protected rights under the 42 U.S.C. § 1983, and that Defendants are responsible for such violations.

38. Defendants admit the allegations contained in Paragraph 37 of the *Complaint*. Further answering, Defendants aver Plaintiffs' *Complaint* fails to establish any plausible constitutional violation giving rise to the right to relief. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any rights under the U.S. Constitution, and that Defendants are responsible for such violations. Further answering, Defendants aver that there is no due process violation because the mask mandate does not impact Plaintiffs' children's ability to receive an education.

39. Defendants admit the allegations contained in Paragraph 38 of the *Complaint*. Further answering, Defendants aver Plaintiffs' *Complaint* fails to establish any plausible constitutional violation giving rise to the right to relief. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any rights under the U.S. Constitution, and that Defendants are responsible for such violations. Further

answering, Defendants aver that there is no due process violation because the mask mandate does not impact Plaintiffs' children's ability to receive an education.

40. Defendants admit the allegations contained in Paragraph 39 of the *Complaint*. Further answering, Defendants aver Plaintiffs' *Complaint* fails to establish any plausible constitutional violation giving rise to the right to relief. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any rights under the Ohio Constitution, and that Defendants are responsible for such violations. Further answering, Defendants aver that there is no due process violation because the mask mandate does not impact Plaintiffs' children's ability to receive an education.

41. Defendants admit the allegations contained in Paragraph 40 of the *Complaint*. Further answering, Defendants aver Plaintiffs' *Complaint* fails to establish any plausible constitutional violation giving rise to the right to relief. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any rights under the Ohio Constitution, and that Defendants are responsible for such violations. Further answering, Defendants aver that there is no due process violation because the mask mandate does not impact Plaintiffs' children's ability to receive an education.

42. Defendants deny the allegations contained in Paragraph 41 of the *Complaint*. Further answering, Defendants aver Plaintiffs' *Complaint* fails to establish any plausible constitutional violation giving rise to the right to relief. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any rights under the U.S. Constitution or the State of Ohio Constitution, and that Defendants are responsible for such violations. Further answering, Defendants aver that there is no due process violation because the mask mandate does not impact Plaintiffs' children's ability to receive an education.

43. Defendants deny the allegations contained in Paragraph 42 of the *Complaint*. Further answering, Defendants aver that the allegations as pled fail to support that Plaintiffs have been or are being deprived of any fundamental rights, and that Defendants are responsible for such violations.

44. Defendants deny the allegations contained in Paragraph 43 of the *Complaint*.

45. Defendants deny the allegations contained in Paragraph 44 of the *Complaint*.

46. Defendants deny the allegations contained in Paragraph 45 of the *Complaint*.

47. Defendants deny the allegations contained in Paragraph 46 of the *Complaint*.

48. With respect to the allegations contained in Paragraph 47 of the *Complaint*, Defendants incorporate by reference each and every statement and denial made in answer to Paragraphs 1 through 46 of the *Complaint* as if each were fully rewritten.

49. Defendants deny the allegations contained in Paragraph 48 of the *Complaint*. Further answering, Defendants aver that Plaintiffs have not shown they are likely to succeed in establishing that the Board of Education's policy requiring students to wear face masks to mitigate the spread of the COVID-19 virus violates the Fifth or Fourteenth Amendments to the United States Constitution, or Article I, §16 of the Ohio Constitution, or the Board of Education's authority to adopt policies for the operation, management and control of the schools, employees, pupils, and visitors.

50. Defendants deny the allegations contained in Paragraph 49 of the *Complaint*.

51. Defendants deny the allegations contained in Paragraph 50 of the *Complaint*.

52. Defendants deny the allegations contained in Paragraph 51 of the *Complaint*.

53. Defendants deny the allegations contained in Paragraph 52 of the *Complaint*.

54. Defendants deny each and every allegation not specifically admitted herein.

## SECOND DEFENSE

55. Plaintiffs have failed to state a claim, in whole or in part, upon which relief can be granted.

## THIRD DEFENSE

56. At all relevant times, Defendants acted reasonably, in good faith, and with justification, without malice or intent to contravene any of Plaintiff's rights, statutory, contractual, administrative, constitutional, or otherwise, and in fact, contravened no such rights.

## FOURTH DEFENSE

57. The Board of Education has no practice, pattern, policy, custom, or usage permitting unconstitutional and/or illegal conduct by its members, agents, employees, and/or representatives.

## FIFTH DEFENSE

58. Defendants at all times acted in compliance with state and federal laws.

## SIXTH DEFENSE

59. Plaintiffs' *Complaint* fails to establish any plausible constitutional violation giving rise to the right to relief. Moreover, the allegations as pled fail to support that Plaintiffs have been or are deprived of any rights, let alone those rights under 42 U.S.C. §1983, the U.S. Constitution, or the State of Ohio Constitution, and that Defendants are responsible for such violations.

## SEVENTH DEFENSE

60. Plaintiffs have failed to mitigate their damages.

## EIGHTH DEFENSE

61. Plaintiffs are not entitled to damages, costs, or attorney's fees.

**NINTH DEFENSE**

62. Defendants Saxton, Barone, Davis, Fryda, Landers, and Zetts have a qualified immunity from suit.

**TENTH DEFENSE**

63. Defendant Saxton asserts the liability protections contained in 20 U.S.C. 7941 through 20 U.S.C. 7948 (the "Paul D. Coverdell Teacher Protection Act of 2001").

**ELEVENTH DEFENSE**

64. Any claim by Plaintiffs against Defendants Saxton, Barone, Davis, Fryda, Landers, and Zetts in their official capacities are in reality claims against Defendant Board of Education. For this reason, any of Plaintiffs' claims against Defendants Saxton, Barone, Davis, Fryda, Landers, and Zetts in their official capacities should be dismissed.

**TWELFTH DEFENSE**

65. "Boardman Local Schools" is a geographic area and is not a legal entity that is capable of being sued.

**THIRTEENTH DEFENSE**

66. Defendants assert the defenses and immunities of Ohio Revised Code Chapter 2744.

**FOURTEENTH DEFENSE**

67. Defendant Board of Education cannot be held liable for exemplary damages as a matter of law.

**FIFTEENTH DEFENSE**

68. The Board of Education is authorized to adopt policies for the operation, management and control of the schools, employees, pupils, and visitors.

**SIXTEENTH DEFENSE**

69.  Plaintiffs have not shown they are likely to succeed in establishing that the Board of Education's policy requiring students to wear face masks to mitigate the spread of the COVID-19 virus violates the Fifth or Fourteenth Amendments to the United States Constitution, or Article I, §16 of the Ohio Constitution, or the Board of Education's authority to adopt policies for the operation, management and control of the schools, employees, pupils, and visitors.

WHEREFORE, having fully answered, Defendants Boardman Local Schools, Board of Education for Boardman Local Schools, Timothy Saxton, Jeffrey Barone, Victoria L. Davis, John W. Fryda, John P. Landers, and Frank Zetts request that Plaintiffs' *Complaint* be dismissed in its entirety, with prejudice, and this Court award Defendants their costs and attorney fees incurred in defending this action.

Respectfully submitted,

*/s/ Sherrie C. Massey*
Albin Bauer, II (0061245)
Maria L. Markakis (0072357)
Sherrie C. Massey (0067471)
PETERS KALAIL & MARKAKIS CO., L.P.A.
6480 Rockside Woods Blvd. South, Suite 300
Cleveland, Ohio  44131-2582
(216) 503-5055
(216) 446-6032 (Facsimile)
Email: abauer@ohioedlaw.com
         mlmarkakis@ohioedlaw.com
         smassey@ohioedlaw.com

*Attorneys for Defendants Boardman Local Schools, Board of Education for Boardman Local Schools, Timothy Saxton, Jeffrey Barone, Victoria L. Davis, John W. Fryda, John P. Landers, and Frank Zetts*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of November, 2021, a copy of the foregoing *Defendants' Answer* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, this *Defendants' Answer* was sent via electronic mail to the following:

John N. Zomoida, Jr.
Town One Square
40 S. Main Street
Poland, OH 44514
John@Anthony-Zomoida.com

*Attorney for Plaintiffs*

                                          */s/ Sherrie C. Massey*
                                          Sherrie C. Massey (0067471)
                                          *One of the Attorneys for Defendants*
                                          *Boardman Local Schools, Board of*
                                          *Education for Boardman Local Schools,*
                                          *Timothy Saxton, Jeffrey Barone, Victoria L.*
                                          *Davis, John W. Fryda, John P. Landers, and*
                                          *Frank Zetts*