PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOARDMAN OHIO PARENTS ORGANIZATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | CASE NO. 4:21-CV-02184 |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| BOARDMAN LOCAL SCHOOLS, *et al*, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER OF DISMISSAL** |
| Defendants. | ) | [Resolving ECF No. 9] |

Pending before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 9. The matter is fully briefed. Having reviewed the parties' submissions, and applicable law, the Court dismisses the action.

**I.     Background**

During the 2020-2021 school year, Defendant Boardman Local Schools adopted Policy 8450.01, Protective Face Coverings During Pandemic/Epidemic Events. *See* ECF No. 9-2 at PageID #: 154. This policy was updated at the beginning of the 2021-2022 school year. During the 2021-2022 school year, Plaintiffs, a group of adults with minor children attending Boardman Local Schools, filed the instant case claiming that the policy was illegal and sought to enjoin the policy's mask mandate. ECF No. 1-2 at PageID #: 17-18.

The action was initially filed in state court. Defendants removed. Prior to removal, the state court denied Plaintiffs' motion for a temporary restraining order. *See* ECF No 1-6 at PageID #: 63-65. At the Case Management Conference, the parties agreed that the Court would

(4:21-CV-2184)

resolve Defendants' dispositive motion prior to considering any of Plaintiffs' further requests for injunctive relief. *See* Minutes of Proceedings [non-document] dated January 24, 2022.

## II. Standard of Review

The standard for deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The

2

(4:21-CV-2184)

factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)).  In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie Cty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012).

### III.     Discussion

Standing is a jurisdictional issue and must be decided first, as a threshold matter. Defendants' argue that Plaintiffs lack standing because they have not been able to demonstrate an injury-in-fact.

Article III of the Constitution limits the Court's jurisdiction to resolving "cases" and "controversies." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014).  Specifically, a plaintiff "must demonstrate that he has [Article III] standing to pursue his claim in federal court by showing: (1) that he has suffered an 'injury in fact,' (2) that there is a 'causal connection between the injury and the conduct complained of,' and (3) that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))

The injury-in-fact requirement involves a distinct inquiry into whether the plaintiff suffered a *de facto*, "actually exist[ing]," real-world harm.  *Spokeo v. Robins*, 578 US  330, 340 (2016).  In some cases, an allegation that contains a threat of future harm could be sufficient to meet the injury-in-fact requirement.  An allegation of future injury "may suffice if the

3

(4:21-CV-2184)

threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 & n.5 (2013)). Moreover, as relevant in this case, an injury-in-fact is one which stems from "an invasion of a legally protected interest" which is particularized. An invaded interest is particularized when the injury affects the plaintiff in a personal and individual way. *Lujan*, 504 U.S. at 560 n.1.

The Complaint makes various factual claims about the efficacy and risks of wearing masks to combat the spread of COVID-19. See ECF No. 1-2 at PageID #: 11-16. Without being assured of their veracity, the Court must assume the truth of these claims for the purpose of the following analysis. Within these claims, Plaintiffs indicate risks of harm that could befall children that wear masks including a risk of children complaining about impairments in their educational experience, diminished communication skills, and detrimental effects to the body from prolonged exposure to low oxygen content. *Id*. These risks that Plaintiffs associate with the wearing of masks are the foundation of all of Plaintiffs claims. In other words, without the "risks associated with the wearing of masks," there is no basis for Plaintiff's Complaint.

Defendants argue that the generalized claim of "risks associated with the wearing of masks" is not enough to confer standing. The Sixth Circuit has yet to rule on whether persons, such as the plaintiffs here, have standing to challenge a school mask mandate similar to the one at issue here. A recent mask mandate decision issued by the Sixth Circuit was declared moot *en banc* because Michigan had removed the mask mandate in question before the case could be fully heard. See *Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022). In another recent case, the posture was quite different. In that case the Circuit refused to disturb a preliminary injunction blocking a Tennessee's law that prohibited schools from enforcing mask mandates.

4

(4:21-CV-2184)

*R.K. by & through J.K. v. Lee*, No. 22-5004, 2022 WL 1467651, at *3 (6th Cir. May 10, 2022). The other possibly relevant Sixth Circuit cases concern lawsuits against federal officials. *See e.g.*, *Ohio Stands Up! v. U.S. Dep't of Health & Hum. Servs.*, No. 21-3995, 2022 WL 1576929, at *1 (6th Cir. May 19, 2022) (dismissing a claim against HHS because plaintiffs lacked standing); *Livingston Educ. Serv. Agency v. Becerra*, 35 F.4th 489, 490 (6th Cir. 2022), *reh'g denied*, No. 22-1257, 2022 WL 2286410 (6th Cir. June 21, 2022) (finding that plaintiffs were unlikely to succeed on the merits for their claims that HHS did not have the power to enforce a vaccine/mask mandate).

Without clear guidance from the Sixth Circuit, Defendants identify several cases addressing mask mandates from other federal districts in support of their position. ECF No. 9 at PageID #: 137-39. While these are merely persuasive authorities, the Court finds their reasoning to be sound. Of the cases cited, the one that is most on point is *Schiavo v. Carney*, 548 F. Supp. 3d 437, 442 (D. Del. 2021), *aff'd*, No. 21-2368, 2021 WL 6550638 (3d Cir. Nov. 18, 2021) (dismissing plaintiff's case because plaintiff could not demonstrate injury-in-fact when plaintiff simply alleged "serious health related risks directly linked to the [challenged] order to wear [] masks and [the order was] unconstitutional").

In opposition, Plaintiffs attempt to distinguish their case from the exemplar cases cited by Defendants, but Plaintiffs' argument is not well-taken. Whereas Plaintiffs have alleged generally that there are risks of harm that result from wearing masks, Plaintiffs have not shown how likely it is that those harms will affect the Plaintiffs at bar. Even when the Court assumes that Plaintiff's factual allegations are true, those factual allegations do not properly support the Complaint in a way that confers standing to Plaintiffs. Instead, the factual allegations merely

5

(4:21-CV-2184)

speculate that the risk of harm to Plaintiffs is substantial.[1]  Also, not all the risks alleged in the Complaint are relevant to Plaintiffs.[2]  Additionally, the speculative nature of Plaintiffs' Complaint is hyperbolic when the Court considers the text of the challenged policy.  Under close review, it is apparent that the challenged policy makes exceptions for health or developmental reasons.  ECF No. 9-2 at PageID #: 154.  Also, within the Complaint, no Plaintiff has alleged that they sought an exception under the policy and was denied it, or shown any risk that such an exception, if sought, would be denied.[3]  A careful review of the Complaint made in a light most favorable to Plaintiffs, reveals Plaintiffs' claims are merely speculative.

Overall, Plaintiffs have not alleged facts that demonstrate a substantial risk that they will suffer injury-in-fact due to "risks associated with the wearing of masks," or that they were unable to make use of the exceptions within the policy of Defendants.  Rather, Plaintiffs' theory of harm consists largely of speculation of possible harms and, therefore, cannot satisfy the injury-in-fact requirement.

---

[1] For example, the Complaint relies on a study which found that 68% of children complained of impairments caused by wearing masks.  ECF No. 1-2 at PageID #: 15.  This study, even if true, does not support Plaintiffs' allegations.  Just because 68% of the children surveyed complained of impairments, does not necessarily mean that 68% of the Plaintiffs' children are at risk of experiencing the same issues, and the Complaint does not allege so.

[2] For example, the Complaint alleges that children with hearing impairments have increased risk of having trouble understanding emotions due to mask wearing.  ECF No. 1-2 at PageID #: 16.  Even if this risk were substantial, it is not clear from the Complaint that any of the Plaintiffs' children in fact have hearing impairments that would make this allegation relevant to the case.

[3] In their Opposition, Plaintiffs allege that at least one child was not given an exception.  ECF No. 10 at PageID #: 169.  The Court cannot consider, however, this fact because the purview of the Court's review is limited to the facts in the Complaint, and no amendment was sought to add these allegations in an Amended Complaint.  *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020)(explaining how a court cannot consider new facts or allegations not contained in the Complaint, unless an Amended Complaint is filed).

(4:21-CV-2184)

## IV. Conclusion

For the reasons above, because Plaintiffs fail to allege an injury-in-fact, they lack standing. Accordingly, Defendants' Motion for Judgment on the Pleadings ([ECF No. 9](#)) is granted. The case is hereby dismissed.

    IT IS SO ORDERED.

| August 25, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |